09-4279-cv
Jeunes v. Potter

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
J. CLIFFORD WALLACE,[*]
*Circuit Judges.*

------------------------------------------------------------------------

JOSIER F. JEUNES,
*Plaintiff-Appellant,*

v.                                                                    No. 09-4279-cv

JOHN E. POTTER, POSTMASTER GENERAL,
*Defendant-Appellee.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JOHN R. WILLIAMS, New Haven, Connecticut.

APPEARING FOR APPELLEE:         DAVID C. NELSON, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, *on the brief*), *for* Nora R. Dannehy, United States Attorney for the District of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Holly

_____

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

B. Fitzsimmons, *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 1, 2009, is AFFIRMED.

Plaintiff Josier Jeunes, a black male of Haitian origin, appeals from an award of summary judgment in favor of his former employer, the United States Postal Service ("Postal Service"), on his Title VII claims of discriminatory discharge based on race and national origin. See 42 U.S.C. § 2000e et seq. We review a summary judgment award de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold an award of summary judgment in favor of the Postal Service if the evidence is sufficient to permit a reasonable jury to find for Jeunes, he must point to more than a "scintilla" of supporting evidence to defeat summary judgment. Id. (internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Consistent with the burden-shifting framework for analyzing Title VII claims established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-

---

[1] This case was assigned to Magistrate Judge Fitzsimmons for all purposes on February 4, 2009, with the consent of both parties. See 28 U.S.C. § 636(c).

04 (1973), we note that the Postal Service does not dispute that Jeunes established a prima facie case of discrimination. Nor does Jeunes dispute that the Postal Service proffered a race-neutral reason for the challenged termination: violation of its established zero tolerance policy. See Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004) (holding that once plaintiff establishes prima facie case of discrimination, burden shifts to defendant to demonstrate legitimate, nondiscriminatory justification). Accordingly, the only issue on appeal is whether Jeunes has adduced evidence sufficient to permit a rational factfinder to conclude that the proffered justification was, in fact, a pretext for discrimination. See Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000) (stating that at step three of McDonnell Douglas analysis "plaintiff is given an opportunity to adduce admissible evidence that would be sufficient to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation"). We conclude that he has not.

The Connecticut District of the Postal Service has a policy stating that (1) "there will be zero tolerance of acts or threats of violence in our workplace"; (2) such conduct "includes, but is not limited to: [a]ny act of physical violence[, a]ny actual, implied, or veiled threat made seriously or in jest[, and a]ny type of vulgar language which would lead to a hostile workplace"; and (3) "each and every act or threat of violence . . . will elicit an immediate and firm response that could, depending on the severity of the incident, include removal from the postal service." February 26, 2007 Mem. Re: Acts and Threats of Violence in Workplace. Jeunes admits that he used profanity during a verbal altercation with co-worker Thomas

3

Nichols on October 26, 2007, conduct clearly proscribed by the zero tolerance policy. Jeunes nevertheless insists that the Postal Service's reliance on the policy is a pretext for unlawful discrimination.

Jeunes submits that pretext is evidenced by the Postal Service's disparate treatment of Nichols, a white male who was not disciplined for his part in the altercation. Further, Jeunes contends that the Postal Service's failure to interview minority employees who allegedly witnessed the incident as part of its investigation manifests pretext. We are not persuaded that these allegations are sufficient to raise a triable question of fact.

While Nichols was involved in the incident, the Postal Service found – and Jeunes admits – that the language used by Nichols during the incident was neither profane nor racially derogatory.[2] In addition, Jeunes points to no evidence establishing that Nichols's disciplinary history was comparable to his own, which included a letter of warning, two seven-day paper suspensions, and a fourteen-day paper suspension for attendance issues,

---

[2] Jeunes alleged, during a pre-disciplinary interview with the Postal Service and his subsequent deposition, that Nichols instigated the altercation. Nothing in the record, however, indicates that the Postal Service's rejection of Jeunes's account was not in good faith, much less a pretext for discrimination. See Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 65 (2d Cir. 2003) (concluding that inaccuracy of reports of employee's abusive conduct toward subordinates "d[id] not matter if [the employer] believed [the reports]"); Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal."); Davis v. State Univ. of N.Y., 802 F.2d 638, 641 (2d Cir. 1986) (noting that an "employer need not prove . . . that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory"). To the contrary, every eyewitness interviewed by the Postal Service refuted Jeunes's account of the incident.

4

poor work performance, and/or failure to follow instructions. On this record, no reasonable factfinder could conclude that Jeunes and Nichols were similarly situated. See Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show []he was similarly situated in all material respects to the individuals with whom []he seeks to compare [him]self." (internal quotation marks omitted)); see also Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000). The Postal Service's decision to terminate Jeunes but not to discipline Nichols is thus insufficient to raise a triable issue as to pretext.

No different conclusion is warranted by the Postal Service's failure to interview minority employees whom Jeunes contends witnessed the October 2007 incident. Jeunes failed to identify such witnesses in response to an interrogatory, and he points to no evidence indicating that the Postal Service knew the witnesses' identities but deliberately declined to interview them. Further, there is no competent evidence in the record indicating that the witnesses would provide materially different accounts of the incident than those provided by the employees whom the Postal Service did interview. For the foregoing reasons, the Postal Service's failure to interview the minority employees who witnessed the October 2007 incident does not raise a triable issue of fact sufficient to preclude summary judgment.

We have considered Jeunes's remaining arguments on appeal and conclude that they

5

are without merit.  Accordingly, the October 1, 2009 judgment of the district court is

AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court